416 A.2d 97

**COMMONWEALTH of Pennsylvania**

v.

**Alan D. PIERCE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 7, 1979.

Filed Dec. 7, 1979.

Eugene A. Bonner, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO,* JJ.

PER CURIAM:

On April 7, 1969, John J. Courtney and Joseph O'Brien were assaulted during an attempted robbery in Media, Pennsylvania. O'Brien was stabbed, both O'Brien and Courtney were shot and Courtney died as a result of gunshot wounds. Appellant, Alan D. Pierce, was arrested and charged in relation to this incident. Following a jury trial, he was convicted of murder of the first degree and six additional offenses. Appellant's conviction was reversed and he was granted a new trial on the basis that his application for change of venue should have been granted. *Commonwealth v. Pierce*, 451 Pa. 190, 303 A.2d 209 (1973). Venue was changed, retrial held and appellant now appeals his convictions of murder of the first degree and the six related offenses.

▮ Appellant first argues that the arrest warrant was invalid because it was not supported by a complaint. The

---

\* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

arrest warrant was dated April 13, 1969, and the complaint April 14, 1969. The trial court found, however, notwithstanding the dates typed on the documents, that the complaint was executed before the warrant and the warrant was therefore valid. The time of the execution of the complaint was made as a finding of fact by the trial court and appellant offers no reasons for overturning that finding.

■ Appellant next contends that even if the complaint was completed before the issuance of the arrest warrant, the warrant was still invalid because the complaint does not state on its face nor was the issuing authority informed as to the reliability of the informants. When probable cause to arrest is based upon information received from informants two requirements must be met; first, the police must know the underlying circumstances from which the informer obtained the facts given, and second, the police must have some reasonable basis for concluding that the source of the information is reliable. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976).

■ The following information was presented to the magistrate to justify the issuance of the warrant. Police investigation had disclosed that individuals, Roger Carter, James Carter and David Day were in the area at the time of the crime and had seen appellant on a street corner close to the scene of the crime. As appellant fled, he called, "Hey, Roger" to Roger Carter. Several days later, Roger Carter informed police that appellant had told him that appellant was the one who had hollered "Hey, Roger" and appellant then told him that he was the one who had shot the two men. Although there are no affirmative statements in the record as to the credibility of the informants, the informants were named and were known to have been in the area at the time of the crime and to have seen one of the perpetrators fleeing the scene. The informants therefore had some direct personal knowledge of the crime and this information was conveyed to the magistrate. Since the police conveyed the

underlying circumstances to the magistrate, he could conclude the "tip" was more than rumor. "A magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way." *Spinelli v. United States*, 393 U.S. at 417, 89 S.Ct. at 589, 21 L.Ed.2d at 644.

■ The remaining issues raised by appellant concern the voluntariness of his confession. These issues have been waived by failure of counsel to specifically raise them in written post-verdict motions. Even if not waived, they are meritless. Appellant contends that his confession was involuntary because he was physically coerced, his counsel was not present and did not have the intellectual capacity to waive his rights. The trial court, however, considered testimony on all these issues and entered specific findings of fact and refused to grant appellant's suppression motion. These findings of fact are adequately supported by the record.

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDERINO, J.